**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4911**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CESAR VARGAS-TORRES, a/k/a Cotonete Cotono,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00003-RJC-2)

Submitted: August 29, 2014        Decided: September 9, 2014

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cesar Vargas-Torres appeals his conviction and sentence for conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 (2012). Vargas-Torres pled guilty pursuant to a written plea agreement and was sentenced to 121 months' imprisonment and five years of supervised release. On appeal, counsel for Vargas-Torres has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether Vargas-Torres' sentence was reasonable. Vargas-Torres has filed a supplemental pro se brief arguing that his sentence was unreasonable and that his trial counsel rendered ineffective assistance. We affirm Vargas-Torres' conviction and sentence.

Vargas-Torres contends that the district court erroneously sentenced him to 121 months' imprisonment rather than to the statutory minimum of 120 months. We review his sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Id. The district court is not required

2

to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), but "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Only if we find the sentence procedurally reasonable can we consider its substantive reasonableness. Id. at 328.

In assessing substantive reasonableness, we must "take into account the totality of the circumstances." Gall, 552 U.S. at 51. We presume on appeal that a sentence within the properly calculated Guidelines range is substantively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). We have reviewed the record before us and conclude that Vargas-Torres' sentence is both procedurally and substantively reasonable.

In his pro se supplemental brief, Vargas-Torres avers that counsel's representation was deficient in several respects. However, the record does not conclusively establish any deficiencies. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (providing standard). We therefore conclude

that the challenges to counsel's performance are not cognizable on direct appeal, but rather, must be pursued, if at all, in a proceeding for post-conviction relief. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Vargas-Torres, in writing, of the right to petition the Supreme Court of the United States for further review. If Vargas-Torres requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vargas-Torres.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>